IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MALCOLM W. HOLLIMAN,

                        Plaintiff,

      v.

JOHN PAQUIN, LYNDA SCHWANDT,
CHAPLAIN KUHENS,
UNIT MANAGER WINKLESKI,
CAPT., J. ANDERSON, CAPT. HESSELBERG,
CAPT. JORGERSON, CAPT. STICH,
LT. SKIME AND C/O HAYES,

                        Defendants.

ORDER

10-cv-443-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Malcolm Holliman, a Muslim prisoner at the Wisconsin Secure Program Facility, has filed a proposed complaint and has made an initial partial payment in accordance with 28 U.S.C. § 1915(b)(1).  Because plaintiff is a prisoner, I must screen the complaint to determine whether it states a claim upon which relief may be granted.  28 U.S.C. §§ 1915 and 1915A.

      Plaintiff organizes his complaint into two "causes of action," one for "Religious

---

[1] I am assuming jurisdiction over the case for the purpose of this order.

1

Claims" and one for "Retaliatory Claims." However, many different claims are included under these broad categories. Under the "religious" category, plaintiff includes the following claims:

- defendants Paquin and and Kuhens violated plaintiff's rights under the establishment clause because they have refused to remove or cover various Christian symbols throughout Prairie du Chien Correctional Institution, where plaintiff was formerly housed;

- defendants Paquin and Kuhens have substantially burdened plaintiff's ability to practice his Muslim faith by forcing him to worship in a room that has "images of animated creatures" or "other religious symbols," in violation of the free exercise clause and the Religious Land Use and Institutionalized Persons Act;

- defendants Paquin and Kuhens have substantially burdened plaintiff's ability to practice his Muslim faith by allowing staff to "walk through" the room during Jumu'ah services, in violation of the free exercise clause and the Religious Land Use and Institutionalized Persons Act;

- defendant Paquin and Kuhens have violated the establishment clause and the equal protection clause by providing a state employee to lead Christian prisoners in Bible study, but failing to do the same for Muslim prisoners;

Under the "retaliation" category, plaintiff includes the following claims:

- defendant Hayes refused to allow plaintiff to use the bathroom for several hours, causing plaintiff to urinate on himself (in addition to being "retaliatory," plaintiff says this conduct violates his rights under the Eighth Amendment and the Americans with Disabilities Act);

- defendant Anderson placed plaintiff in segregation and cut off his clothes;

2

- defendant Paquin transferred plaintiff to the Wisconsin Secure Program Facility on two separate occasions;

- defendant Hesselberg relied on a dismissed conduct report to find plaintiff guilty of another conduct report;

- defendants Skime and Winkleski put plaintiff under investigation and threatened to put him in segregation after he complained about cameras in the bathroom;

- defendants Skime, Stitch, Jorgenson, Winkleski, Schwandt and Paquin conspired to fabricate conduct report and place plaintiff in segregation

Unfortunately, I cannot allow plaintiff to go forward on any of his claims at this time because his complaint violates the Federal Rules of Civil Procedure. The first problem relates to Fed. R. Civ. P. 8. Under that rule, a complaint must contain "a short and plain statement" for each claim "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that the plaintiff must give the defendants "fair notice" of his claims and include factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Each of plaintiff's "religious" claims satisfies this standard, but most of his "retaliation" claims do not. To prevail on a claim for retaliation, a plaintiff must show that the defendant took adverse action against him for engaging in conduct that is protected by the Constitution. Pearson v. Welborn, 471 F.3d 732, 738 (7th Cir. 2006). Under Twombly, this means that plaintiff cannot state a claim for retaliation unless he identifies

3

his protected conduct and includes facts showing that his claim is supported by more than just speculation. That is, plaintiff must allege facts showing why he believes defendants took a particular action *because* he exercised a constitutional right.

Plaintiff has done this with respect to his claim that defendants Skime and Winkleski put him under investigation and threatened to put him in segregation. He alleges that Skime and Winkleski began harassing him and several other prisoners without cause immediately after they complained about the cameras in the bathroom, making it reasonable to infer at the pleading stage Skime and Winkleski were motivated to act by plaintiff's complaint. Black v. Lane, 22 F.3d 1395, 1399 (7th Cir.1994).

Plaintiff does not include similar allegations with respect to his remaining retaliation claims. He alleges only that "staff, including but not limited to the defendants" considered him to be an "agitator" because he helps other prisoners with their grievances and lawsuits. This is a conclusory allegation that I cannot accept as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009). Plaintiff does not allege any facts suggesting that defendants gave him conduct reports, transferred him or took any of the other actions against him for assisting other prisoners with their legal work or even that defendants *knew* that plaintiff did that. Plaintiff cannot simply list all the unpleasant things that happened to him at the Prairie du Chien prison and conclude without any factual support that there was a conspiracy against him. Cf. Cooney v. Rossiter, 583 F.3d 967, 970-71 (7th Cir. 2009) ("[C]onspiracy

4

allegations [are] often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough.")

The second problem with plaintiff's complaint is that it violates Fed. R. Civ. P. 20. Under that rule, a plaintiff is prohibited from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. The rule prohibits a plaintiff from joining many defendants in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed. 1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure ), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

For example, a plaintiff could have one lawsuit for breach of contract against

5

defendants A, B, C and D and an unrelated lawsuit for personal injury against defendants A, B and Z. If the plaintiff wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss defendants C and D from the first lawsuit or he would have to dismiss defendant Z from the second lawsuit. In this way, the same "core" of defendants (A and B) is common to both claims.

In this case, many of plaintiff's claims belong in different lawsuits under Rule 20. Plaintiff asserts each of his "religion" claims against the same two defendants, so those claims are joined properly However, there is no apparent relationship between the "religion" claims and the "retaliation" claims or among the various retaliation claims. Without a showing that those claims are part of the same transaction or series of transactions, they cannot be included in the same lawsuit. Accordingly, plaintiff must choose how he wishes to proceed:

      Option #1: Proceed with his religion claims in this lawsuit. All other claims will be dismissed without prejudice to plaintiff's refiling them in a different lawsuit.

      Option #2: Proceed with his claim that defendants Skime and Winkleski put his under investigation and threatened to put him in segregation after he complained about cameras in the bathroom. All other claims will be dismissed without prejudice to his refiling them in a different lawsuit.

      Option #3: Proceed with the claims in Option #1 *and* Option #2. If he chooses this option, he will be required to pay a separate filing fee for the second lawsuit. In addition, he may be subjected to a separate strike for each of the separate lawsuits that he pursues if any claim in the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless. As plaintiff may be aware, once a prisoner receives three

strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

Option #4: File an amended complaint that complies with Rule 8 and Rule 20. Plaintiff should choose this option *only* if he has additional facts to show that more of his claims may be joined under Rule 20 (because they are part of the same transaction or series or transactions) *and* satisfy review under Rule 8 (because they rise above the level of speculation). If plaintiff chooses this route, he must file an amended complaint that *replaces* the original complaint. That is, plaintiff should not file a supplement to the original complaint, but must start from scratch and file a complaint that includes all the information needed to state a claim. In other words, the amended complaint must tell plaintiff's entire story on its own. Plaintiff should not refer to the original complaint or any other documents. If plaintiff believes any information in the original complaint or attachments is important to his claims, he should repeat that information in the amended complaint.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2). Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

ORDER

IT IS ORDERED that

1. Plaintiff Malcolm W. Helliman may have until September 21, 2010 to identify for the court whether he wishes to choose Option #1, Option #2, Option #3 or Option #4 as described in the opinion.

2. If plaintiff fails to respond to this order by September 21, 2010, I will enter an order dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to prosecute.

Entered this 7th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8