IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MALCOLM W. HOLLIMAN,

                        Plaintiff,

      v.

JOHN PAQUIN, LYNDA SCHWANDT,
CHAPLAIN KUHENS,
UNIT MANAGER WINKLESKI,
CAPT., J. ANDERSON, CAPT. HESSELBERG,
CAPT. JORGERSON, CAPT. STICH,
LT. SKIME AND C/O HAYES,

                        Defendants.

ORDER

10-cv-443-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Malcolm Holliman has responded to this court's September 8, 2010 order,

informing him that his complaint violates the Federal Rules of Civil Procedure and directing

him to choose one of four options:

>Option # 1: Proceed with his religion claims in this lawsuit. All other claims will be dismissed without prejudice to plaintiff's refiling them in a different lawsuit.

>Option # 2: Proceed with his claim that defendants Skime and Winkleski put

---

[1] I am assuming jurisdiction over the case for the purpose of this order.

1

him under investigation and threatened to put him in segregation after he complained about cameras in the bathroom. All other claims will be dismissed without prejudice to his refiling them in a different lawsuit.

Option # 3: Proceed with the claims in Option # 1 and Option # 2. If he chooses this option, he will be required to pay a separate filing fee for the second lawsuit. In addition, he may be subjected to a separate strike for each of the separate lawsuits that he pursues if any claim in the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

Option # 4: File an amended complaint that complies with Rule 8 and Rule 20. Plaintiff should choose this option only if he has additional facts to show that more of his claims may be joined under Rule 20 (because they are part of the same transaction or series or transactions) and satisfy review under Rule 8 (because they rise above the level of speculation). If plaintiff chooses this route, he must file an amended complaint that replaces the original complaint.

In his response, plaintiff says he "would like to proceed with Option #3." However, his response also includes two questions, suggesting that he may not have understood his options fully. First, plaintiff says that his claims against defendants Skime and Winkleski are "directly related" to his claims against four other defendants. He asks why his claims against those four defendants cannot be joined with his claim against defendants Skime and Winkleski. This was explained to plaintiff in the September 8 order. Although plaintiff may believe that all of these defendants conspired against him, his complaint does not include any facts to support that belief, as Fed. R. Civ. P. 8 requires. Cooney v. Rossiter, 583 F.3d 967, 970-71 (7th Cir. 2009) ("[C]onspiracy allegations [are] often held to a higher standard than

2

other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough.")  Plaintiff is free to file an amended complaint if he is aware of additional facts showing that he has more than speculation to support a belief that his retaliation claims against other defendants arise out of the same set of facts as his claim against Skime and Winkleski.

Plaintiff's second question is whether he will be required to make another initial partial payment if he proceeds with the second lawsuit.  The answer to that question is yes.  If plaintiff wishes to proceed on his "religion" claims and his retaliation claim against defendants Skime and Winkleski, I will sever those claims and direct the clerk of court to assign a new case number to the second lawsuit.  Under 28 U.S.C. § 1915, plaintiff is required to make an initial partial payment for each lawsuit he prosecutes.

Because the answers to these questions could change plaintiff's mind about how he wishes to proceed, I will give him another opportunity to choose one of the four options.


ORDER

IT IS ORDERED that plaintiff Malcolm Holliman may have until September 29, 2010 to choose whether he wishes to proceed with Option #1, Option #2, Option #3 or Option #4.  If he chooses Option #3, he should identify for the court whether he wishes to proceed with the "religion" claims under case no. 10-cv-443-slc, or whether he wishes to

3

proceed on the claim against defendants Skime and Winkleski under that case number. The other claim will be assigned a new case number and plaintiff will be assessed another initial partial payment.

Entered this 16th day of September, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge